**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>John Higgins</u>

    v.                                                                                       Case No. 23-cv-114-SM

<u>State of New Hampshire</u>

<u>**Report and Recommendation**</u>

John Higgins, who is proceeding pro se and in forma pauperis, filed a claim against the State of New Hampshire on a form complaint. He alleges only "Automobile Liability Insurance Negligence." He states that he is requesting relief in the amount of 19 million dollars. Doc. no. 2 at 2. The complaint was referred for preliminary review. 28 U.S.C. § 1915(e)(2)(B); LR 4.3(d)(1).

<u>Standard of Review</u>

Pursuant to this court's authority to subject complaints filed in forma pauperis to preliminary review, the court may dismiss claims sua sponte if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. <u>See</u> 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1). In determining whether a pro se pleading states a claim, the court must construe the pleading liberally. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). To determine whether to

dismiss claims for failure to state a claim, the court takes as true the factual content in the complaint and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the plaintiff has stated a claim for relief that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Discussion

Higgins provides no factual allegations to support his claim of negligence against the State of New Hampshire. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court is authorized to dismiss a complaint that lacks "a short and plain statement" as required under Rule 8(a)(2). Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).

In addition, Higgins seeks money damages, in the amount of 19 million dollars, from the State of New Hampshire. The Eleventh Amendment protects states, including state agencies and state officials sued in their official capacities, from suits seeking money damages. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Sinapi v. R.I. Bd. of Bar Examiners, 910

F.3d 544, 553 (1st Cir. 2018). Because Higgins brings suit against the State of New Hampshire for money damages, his complaint is barred by the Eleventh Amendment.

As filed, Higgins's complaint does not invoke the jurisdiction of the court, name defendants that are amenable to suit, or provide any allegations about what happened that caused him to file the complaint. More specifically, the complaint does not allege who did what to whom. In the absence of that information, the complaint does not survive preliminary review.

## Conclusion

For the foregoing reasons, the district judge should dismiss the complaint (document no. 2) for failure to state a claim on which relief may be granted.

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to

appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 14, 2023

cc:   John Higgins, pro se